SARAH MARTIN, Appellant, v. UNIVERSAL TRUST COMPANY, Respondent.

UNIVERSAL TRUST COMPANY, Respondent, v. SARAH MARTIN, Appellant, Impleaded with Others.

*A default opened and the case ordered set down for trial on a day stated — another justice cannot, while such order is in force, set the case down for trial and try it at an earlier date — effect of a subsequent resettlement of the first order.*

At a Special Term for the hearing of motions Mr. Justice DICKEY granted an order vacating a judgment entered by default in favor of the Universal Trust Company against Sarah Martin, and directed the cause to be placed upon the Special Term calendar for trial on February 21, 1902. The attorney for the Universal Trust Company contended that it was the intention of Mr. Justice DICKEY to set the case down for trial on February eleventh instead of February twenty-first, and, subsequently, by direction of Mr. Justice GAYNOR, such attorney served a notice upon the attorney of Sarah Martin to the effect that the action would be tried on February 13, 1902. On that day both parties appeared before Mr. Justice GAYNOR at the Special Term for the trial of issues and an application was made on behalf of Sarah Martin to strike the case from the calendar upon the ground that the case could not properly be moved to trial before February 21, 1902. The motion was denied, and a judgment was then rendered against Sarah Martin by direction of Mr. Justice GAYNOR. On the following day Mr. Justice DICKEY resettled his order opening the default by inserting therein the eleventh instead of. the twenty-first of February as the date upon which the action should be tried.

*Held,* that the judgment was irregularly rendered;

That, so long as the order of Mr. Justice DICKEY remained unchanged it precluded the Universal Trust Company from moving the case to trial before the twenty-first of February;.

That Mr. Justice GAYNOR had no power to modify the terms of the order at the instance of the Universal Trust Company without notice to Sarah Martin, and that the resettlement of the order by Mr. Justice DICKEY was ineffective to cure the irregularity in the rendition of the judgment.

APPEAL by Sarah Martin from an order of the Supreme Court made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of March, 1902, denying the motion of the said Sarah Martin to vacate a judgment entered in each of the above-entitled actions, which were consolidated and ordered to be tried as one action.

*Joseph Martin,* for the appellant.

*G. E. Waldo,* for the respondent.

Willard Bartlett, J. :

Sarah Martin, the appellant, was the plaintiff in an action brought against the Universal Trust Company and one of the defendants in an action brought by that corporation. These two suits were consolidated by consent and ordered to be tried as one action. The consolidated suit came on for trial at a Special Term held by Mr. Justice Gaynor, and various proceedings were had which finally resulted in the direction of judgment by default against Sarah Martin. A motion was made in her behalf to open the default, and upon that application an order was made on February 10, 1902, at a Special Term for the hearing of motions held by Mr. Justice Dickey, opening the default upon the payment of motion costs, and directing the clerk of the Special Term for the trial of issues to place the consolidated causes upon the calendar of that Special Term for trial on the 21st day of February, 1902.

It is contended by the attorney for the Universal Trust Company that it was the intention of Mr. Justice Dickey to set the case down for trial on February eleventh instead of February twenty-first; but there is no doubt that the latter date was the date stated in the order as actually made. Thereupon, by the direction of Mr. Justice Gaynor, the attorney for the Universal Trust Company served a notice upon the attorney for Sarah Martin to the effect that the consolidated action was set down for trial on February 13, 1902, at ten o'clock in the forenoon. At that time counsel on both sides appeared before Mr. Justice Gaynor at the Special Term for the trial of issues, and an application was made in behalf of Sarah Martin to strike the case from the calendar upon the ground that it was improperly there at that time in view of the order made by Mr. Justice Dickey in opening the default, which order provided that the trial should go on upon the twenty-first of February, and, therefore, that the case could not be properly proceeded with before that date. This motion was denied, and the judgments against Sarah Martin were then rendered by direction of Mr. Justice Gaynor.

On the day after these judgments had been directed (February 14, 1902), Mr. Justice Dickey resettled his order opening the default by inserting therein the eleventh instead of the twenty-first of February as the date upon which the consolidated action should be tried.

Upon these facts it seems quite clear that the judgments were irregularly rendered. At the time of their rendition the order made by Mr. Justice DICKEY, providing that the trial should take place on the twenty-first, was in full force and effect. Of course the judge presiding at the Special Term for the hearing of motions where the default was opened could not control the action of the judge presiding at the Special Term for trials so as to compel him to try the case on any particular day. The judge holding the Special Term for trials had control over his own calendar, and if it was not convenient for him with reference to the proper disposition of other business to try this particular case on the twenty-first of February rather than at a later day, he was under no obligation to do so. The order of Mr. Justice DICKEY, however, was effective to this extent : So long as it remained unchanged it precluded the Universal Trust Company from moving the case at the Special Term for trials before the twenty-first. Certainly Mr. Justice GAYNOR had no power to modify its terms at the instance of the Universal Trust Company without notice to Sarah Martin ; and the modification made by Mr. Justice DICKEY himself, upon an application for resettlement the day after the judgments were taken, could not operate to cure the irregularity.

For these reasons I think that the motion to vacate the judgments, which was denied by the order now under review, should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with costs.